## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### CASE NO. 18-477

---

**SALESIAN SOCIETY, PROVINCE OF ST. PHILIP THE APOSTLE, INC.,**
**A tax-exempt Religious Organization,**
**148 East Main Street, New Rochelle, New York 10802-0639, and,**

**BROTHER EDUARDO ALBERTO CHINCHA LEON,**
**Don Bosco Residence, 518-B Valley Street, Orange, New Jersey 07050,**

     **Plaintiffs,**

**v.**

**KIRSTJEN M. NIELSEN, in her official**
**Capacity as Secretary of the U.S.**
**Department of Homeland Security,**
**U.S. Department of Homeland Security**
**Office of the General Counsel**
**245 Murray Lane, SW**
**Mail Stop 0485**
**Washington, DC 20528-0485,**

**L. FRANCIS CISSNA, in his official capacity**
**as Director of the U.S. Citizenship and**
**Immigration Services,**
**U.S. Department of Homeland Security**
**Office of the Chief Counsel**
**20 Massachusetts Avenue, NW, Room 4210**
**Washington, DC 20529-2120,**

     **Defendants.**

---

### COMPLAINT

Plaintiffs SALESIAN SOCIETY, PROVINCE OF ST. PHILIP THE APOSTLE, INC.,

and BROTHER EDUARDO ALBERTO CHINCHA LEON hereby sue the Defendants and state:

**INTRODUCTION**

1.      This action seeks judicial review pursuant to 8 U.S.C. § 1421(c) of the denial of an I-360, Petition for Amerasian, Widow(er), or Special Immigrant ("Petition") filed by the SALESIAN SOCIETY, PROVINCE OF ST. PHILIP THE APOSTLE, INC. ("Salesian Society" or "Salesian Province"). The Petition was filed on behalf of the beneficiary, Salesian Brother, BROTHER EDUARDO ALBERTO CHINCHA LEON ("Brother Eduardo").   A true and accurate copy of which is attached hereto as Exhibit 1.   In addition, this is an action for declaratory and injunctive relief pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201) for violations of the Administrative Procedures Act (5 U.S.C. § 551 *et. seq.*)(the "APA") and the United States Constitution.

The gravamen of the Plaintiffs' claim is that the Defendants have illegally imposed a requirement that the Plaintiffs must prove financial compensation despite the fact that Brother Eduardo has taken a vow of poverty consistent with the Salesian Society's long-standing basic religious tenets.   The Defendants' denial is *ultra vires* with respect to the Immigration and Nationality Act, violates the Religious Freedom Restoration Act and violates the Plaintiffs' rights under the First Amendment to the Constitution of the United States.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because the Salesian Society claims arise under the laws of the United States, including the United States Constitution, the Immigration and Nationality Act.  8 U.S.C. § 1101 et seq ("INA") and the APA.  This Court may grant relief in this action under 28 U.S.C. § 2201 *et. seq.* (the "Declaratory Judgment Act") and under the APA.

3.      Pursuant to 28 U.S.C. § 1391, venue is proper because the Defendants are located in this District.

4.      The Salesian Society has exhausted its administrative remedies given that its only available administrative appeal was treated by USCIS as a Motion to Reopen or Reconsider and was denied by USCIS in a decision dated September 14, 2017.

## PARTIES

5.      The Salesian Society, Inc. is a Roman Catholic Religious Order and tax-exempt religious organization with an address of 148 East Main Street, P.O. Box 639, New Rochelle, New York ("Salesian Society").

6.      On or about May 2, 2016, the Salesian Society filed an I-360, Petition for Amerasian, Widow(er) or Special Immigrant on behalf of its beneficiary Brother Eduardo Alberto Chincha Leon ("Brother Eduardo").

7.      Brother Eduardo Alberto Chincha Leon has his principal place of residence at the Salesian Don Bosco Residence, 518-B Valley Street, Orange, New Jersey 07050.

8.      Kirstjen M. Nielsen is Secretary of the U.S. Department of Homeland Security, with her principal place of business at Department of Homeland Security, U.S. Department of Homeland Security, 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C., 20528-0485.

9.      U.S. Department of Homeland Security is the agency charged with administering the U.S. Citizenship and Immigration Services ("USCIS") and implementing and enforcing the INA and had administrative authority over the instant Petition and denial.

10.     L. Francis Cissna is the Director of USCIS and has his principal place of business at U.S. Department of Homeland Security, 20 Massachusetts Avenue, NW, Room 4210, Washington, DC 20529-2120.

11.     USCIS is responsible for the processing of immigration related petitions and had the decision-making authority over the instant Petition and denial.

## STANDING

12.     The parties have standing under 5 U.S.C. § 702. Salesian Society is the aggrieved petitioner of the I-360 and Brother Eduardo has been denied his rights and benefits under the laws of the United States of America, including but not limited to the Constitution of the United States and the INA.

## FACTS

13.     The Salesian Society is the second largest Catholic congregation in the world and has adequate resources to fully support and meet the needs of its members, including Brother Eduardo.

14.     Worldwide, the Salesian Society of Don Bosco has approximately 15,000 priests, brothers, deacons, and novices in more than 130 countries.

15.     The Salesian Society, Province of St. Philip the Apostle, Inc. covers all the geographic territory of the United States east of the Mississippi River as well as all of Canada.

16.     As an international religious order, it is essential to fulfilling its religious mission that the Salesian Society is able to transfer members between and among its various communities into and out of the United States on both a temporary and long term basis.  These transfers are based on the religious, cultural and linguistic abilities that each Salesian may be able to

contribute to the communities in which they will serve, and the benefit to their individual formation and experience that may result form this service.

17.     As a tax-exempt, not-for-profit religious organization, the Salesian Society is exempt from filing tax returns, however, for the fiscal year ending June 30, 2016 its assets were in excess of $18,791,189.

18.     Brother Eduardo was born in Jesus Maria, Lima, Peru in 1989.  He is a citizen of Peru.

19.     Brother Eduardo was baptized into the Catholic Church on November 7, 1992 and received his Confirmation on June 3, 2005.

20.     Brother Eduardo entered the Salesian community on a full-time basis in January, 2009 as a "pre-novice."  He moved forward in the formation process, and became a "novice" in August, 2010.  For the next year, Brother Eduardo continued with the formal preparations for religious vocation as a Salesian Brother.

21.     Following years of preparation, devotion and experience, Brother Eduardo become a religious brother in the Salesian Order and commenced full-time religious vocation on August 16, 2011.  At this time, Brother Eduardo declared his lifetime devotion to the Salesian Society, made his Profession of Faith and took perpetual vows of poverty, chastity and obedience. Brother Eduardo's duties as part of his religious vocation focus on youth ministry and some of his specific duties include; teaching, counseling and leading youth in Catholic parishes, workshops, youth centers, summer camps and retreats.    Other vocational activities Brother Eduardo engages in daily include; prayer and meditation, spending time in community with other

Salesian Priests and Brothers, hospital visits, weekly Eucharistic adoration, and teaching catechism to children.

22.     Brother Eduardo studied at Seton Hall University from 2011 through 2013 and graduated Magna Cum Laude with a Bachelor's Degree in Theology.   Brother Eduardo's schooling was paid for by the Salesian Society.

23.     Under the canons of the Roman Catholic Church, a religious vocation which entails a vow of poverty prohibits any monetary, financial, material or other compensation of any kind ("Vow of Poverty").

24.     The Salesian Society as part of its history, tradition and constitution, has required a Vow of Poverty of its professed brothers and priests.

25.     Since its founding and for the entire 120 year period in the United States has precluded compensation to its professed members.

26.     Salesian Society members have no records of financial holdings such as bank accounts because they do not exist.

27.     An essential requirement and characteristic of religious vocation in the Salesian Order is relinquishing all earthly possessions. Brother Eduardo took a vow of poverty and perpetually and voluntarily relinquished his rights to own any property.

28.     In addition, he has willingly renounced payment or compensation for his labors on behalf of the Catholic Church and his fellow man and woman.

29.     The Salesian Society provides for all earthly needs of the members of their religious order.

30.     The Salesian Society provides for all of Brother Eduardo's needs, such as health care, food, clothing, shelter and education despite the fact that he has never received a salary or financial compensation of any kind, and he has no bank accounts.

31.     Brother Eduardo is engaged in full-time and continuous religious vocation as a Brother in the Salesian Order.

32.     The Salesian Society and Brother Eduardo are fully qualified for approval of the Petition.

33.     On May 2, 2016 the Salesian Society filed the Petition and supporting documents on behalf of Brother Eduardo, the beneficiary.

34.      In response to the Petition, on March 9, 2017 the USCIS issued a Request for Evidence ("RFE").  A true and accurate copy of which is attached hereto as Exhibit 2, RFE.

35.     On May 30, 2017, the Salesian Society filed a response to the RFE.  A true and accurate copy of which is attached hereto as Exhibit 3, Response to RFE.

36.     The Salesian Society's Petition on behalf of Brother Eduardo was denied on June 28, 2017 on the basis that the Petition did not show evidence of Brother Eduardo's compensation for his past work in the Order.  A true and accurate copy of which is attached hereto as Exhibit 4, Denial Decision.

37.     Despite the fact that the Salesian Society submitted evidence that it provides for all of Brother Eduardo's support including, while he was a student, support of in excess of $41,000 for tuition, room, board, personal expenses and health insurance, the decision states, *inter alia,* "Accordingly, you have not submitted required evidence of compensation for the beneficiary's past work."

38.     As set forth above, both the Salesian Society and Brother Eduardo would violate their sincerely held religious beliefs if forced to provide evidence of compensation of any type or be penalized for failing to do so.

39.     Such a compensation requirement would be in direct violation the Vow of Poverty taken upon entering the Salesian Order.

40.     On July 26, 2017, the Salesian Society filed a timely I-290B Notice of Appeal or Motion with respect to the I-360 Petition denial.  A true and accurate copy of which is attached hereto as Exhibit 5, Motion to Reopen.

41.     USCIS treated the I-290B as a Motion to Reopen and proceeded to deny said Motion on September 14, 2017 ("Denial Decision").  A true and accurate copy of which is attached hereto as Exhibit 6, Motion to Reopen Denial.  The I-290B was the only administrative appeal available.  While exhaustion of administrative remedies is not required where the Agency acts *ultra vires* or violates Constitutional rights, in fact the Plaintiffs exhausted the only administrative remedy available to them.

42.     The Denial Decision asserted the basis of the denial as Brother Eduardo and the Salesian's failure to provide evidence of past employment "required by the regulation at 8 C.F.R. § 204.5(m)(11). . ." and the failure to show that Brother Eduardo was "coming to work in a "*compensated position*" as required by 8 C.F.R. § 201.5(m)(2)(together "Regulations"). (hereinafter "Compensation Requirement")(emphasis added).

43.     As a result of the constitutional and statutory matters in dispute, the Salesian Society is entitled to a *de novo* review by this Court, and they are asking this Court to approve

the Petition because the Salesian Society as petitioner and Brother Eduardo as beneficiary meet all qualifications for approval of the Petition.

44.     All conditions precedent to the filing of this action have occurred, been waived, or are futile.

## COUNT I
## DECLARATORY JUDGMENT

45.     Plaintiffs incorporate herein by reference the allegations in Paragraph 1 through 44 above, as if fully set forth herein.

46.     There is an actual controversy as to whether the Salesian Society and Brother Eduardo are required by either the INA or Regulations to present evidence of past, present and proposed future compensation where Brother Eduardo, as a religious worker, has taken the Vow of Poverty.

47.     As set forth above, the Salesian Society as petitioner and Brother Eduardo as beneficiary meet all requirements for approval of the Petition filed on his behalf by the Salesian Society because they satisfy each of the requirements set forth in the INA.

48.     The Act does not require a petitioner who is petitioning for an individual carrying on a religious vocation who has taken a Vow of Poverty to provide or prove monetary or financial compensation.

49.     The Salesian Society and Brother Eduardo assert that it should be sufficient for purposes of the applicable statute and Regulations that the petitioner demonstrate an ability and willingness to provide adequate support.

50.     It is beyond the applicable statutory language to require a religious vocation worker to prove such compensation where that worker has taken a vow of poverty.

9

51.     According to the Defendants, the Regulations compel a petitioner for an individual carrying on a religious vocation who has taken a Vow of Poverty to provide or prove monetary or financial compensation, per the Compensation Requirement.

52.     The Regulations, therefore, are inconsistent with the Act and create new requirements not contained in the statute.

53.     To the extent the Regulations are interpreted to impose the Compensation Requirement, the Regulations are invalid.

54.     In the alternative, the interpretation by USCIS of the Regulations imposing the Compensation Requirement in the current circumstances is unreasonable, arbitrary and capricious.

55.     In the further alternative, the Regulations should be interpreted to permit a special immigrant seeking entry as a religious worker under a religious vocation and who has taken a Vow of Poverty to provide evidence of support other than compensation.

56.     The Salesian Society seeks a declaration that

(a)     The Regulations 8 C.F.R. § 204.5(m)(11) and 8 C.F.R. § 204.5(m)(2) are

*ultra vires*;

(b)     The Regulations 8 C.F.R. § 204.5(m)(11) and 8 C.F.R. § 204.5(m)(2)are

unconstitutional;

(c)     The Regulations 8 C.F.R. § 204.5(m)(11) and 8 C.F.R. § 204.5(m)(2) are

void;

(d)     The relief sought in the Petition be granted.

## COUNT II
## <u>VIOLATIONS OF ADMINISTRATIVE PROCEDURES ACT</u>

57.     Plaintiffs incorporate herein by reference the allegations in Paragraphs 1 through 56 above, as if fully set forth herein.

58.     USCIS denied the Salesian Society's petition on June 28, 2017 stating that there was insufficient evidence of compensation for Brother Eduardo's work.

59.     Brother Eduardo took the Vow of Poverty upon becoming a Brother in the Salesian Society and as a result is unable to present evidence of documented compensation.

60.     A district court, reviewing agency action, may hold unlawful agency action that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C), "contrary to constitutional right, power, privilege, or immunity," 5 U.S.C. § 706(2)(B), or "without observance of procedure required by law" 5 U.S.C. § 706(2)(D).

61.     Review will find that Secretary Nielsen and the USCIS Director, without observance of procedure as required by law, proceeded in this matter by improperly denying the Salesian Society's I-360 Petition and that Brother Eduardo, the beneficiary, is fully eligible for approval as a Special Immigrant - Religious Worker.

62.     As a result, USCIS acted erroneously, arbitrarily and capriciously, and abused its discretion when it denied the petition.

## COUNT III
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

63.     Plaintiffs incorporate herein by reference the allegations in Paragraphs 1 through 62 above, as if fully set forth herein.

64.     Salesian Society has filed herewith a Motion for Preliminary Injunction and is requesting permanent injunctive relief.

65.     USCIS denied the Salesian Society's I-360 Petition on June 28, 2017, and then denied its Motion to Reopen on September 14, 2017.

66.     USCIS's denial was made solely on the basis of the assertion that there was insufficient evidence of the beneficiary's compensation.

67.     Secretary Nielsen and the USCIS Director, without observance of procedure as required by law, proceeded in this matter by denying Salesian Society's I-360 Petition. Review of Salesian Society's I-360 Petition will reveal that its beneficiary, Brother Eduardo, is fully eligible for approval of the I-360 Petition and that USCIS acted erroneously, arbitrarily and capriciously, and abused its discretion when it denied the petition.

68.     As set forth in the Motion for Preliminary Injunction and Points and Authorities, the Salesian Society has a substantial likelihood of prevailing on the merits, because it has been established that its beneficiary is eligible for approval of the I-360 Petition under the INA, the Compensation Requirement is *ultra vires*, violates the Religious Freedom Restoration Act, and is unconstitutional.

69.     As a result of the Denial Decision, Brother Eduardo and the Salesian Society are suffering irreparable injury for which no adequate relief is available at law, and Brother Eduardo

is precluded from acquiring lawful permanent residence in the United States and eventual United States citizenship.

70.    USCIS's Denial Decision thwarts the ability of the Salesian Society to exercise its religious rights and freedoms to deploy Br, Eduardo as it deems appropriate to provide ministry and religious services to the young people it serves.   Further, the Salesian Society is suffering uncertainty as to whether it can extend petitions for foreign national Brothers who are currently in the United States, its inability to effectuate future transfers to the United States, and its inability to file R-1 and I-360 Petitions for other qualifying members.   The Salesian Society is being forced to live under the implicit and constant threat that this Denial Decision poses as it is a basis for USCIS revoking previously approved petitions for the Salesian Society's foreign members currently serving in the United States.

71.    Pursuant to 5 U.S.C. § 705, this Court is empowered to impose a temporary injunction to preserve the status quo and protect the Salesian Society from irreparable injury until this Court has an opportunity to review the Salesian Society's I-360 Petition.

72.    The threatened injury to Brother Eduardo and the Salesian Society outweighs whatever injury might occur to the Defendants.

73.    The injunction will not be adverse to the public interest.

74.    Pursuant to FRCP Rule 65, this Court is empowered to impose a permanent injunction enjoining Kirstjen Nielsen as Secretary of the U.S. Department of Homeland Security and USCIS from denying any I-360 petitions filed on behalf of any Salesian Society member on the grounds that evidence of financial compensation was not provided.

## COUNT IV
## <u>VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT</u>

75.     Plaintiffs incorporate herein by reference the allegations in Paragraphs 1 through 74 above, as if fully set forth herein.

76.     The Salesian Society as an organization and its members including Brother Eduardo are prohibited by the Vow of Poverty from receiving or accepting for any compensation for religious work on the basis of sincerely held religious beliefs.

77.     Defendants' Compensation Requirement obligating the Salesian Society to prove Brother Eduardo's compensation, when receiving such compensation is a violation of religious vows and beliefs, substantially burdens the Salesian Society by conditioning the approval of this and future immigration petitions on the surrendering of free exercise rights guaranteed by the First Amendment to the Constitution of the United States.

78.     The Defendants actions in compelling the Salesian Society and Brother Eduardo to provide evidence of financial and monetary compensation to approve the I-360 Special Immigrant Petition violates Plaintiffs' sincerely held religious beliefs and, thereby, violates the Free Exercise Clause of the First Amendment to the Constitution of the United States.

## COUNT V
## <u>VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT</u>

79.     Plaintiffs incorporate herein by reference the allegations in Paragraphs 1 through 78 above, as if fully set forth herein.

80.     The Regulations, in particular 8 C.F.R. § 204.5 (m) (11) which requires documentation of financial or monetary compensation as part of the I-360 Petition, are unconstitutional as they violate the First Amendment's Establishment Clause by requiring

excessive entanglement with religion and providing preference to religions that do not have a Vow of Poverty.

81.     The Regulations, in particular 8 C.F.R. § 204.5 (m) which requires that the beneficiary come work in a compensated position is unconstitutional, as they violate the First Amendment's Establishment Clause by requiring excessive entanglement with religion.

82.      8 C.F.R. § 204.5 (m) (11) and 8 C.F.R. § 204.5 (m) (2), are not a neutral laws, but instead are hostile toward religion by imposing requirements that those who hold certain religious beliefs cannot fulfil while maintaining their sincerely held beliefs.

83.     The Compensation Requirement violates the Establishment Clause of the First Amendment to the Constitution of the United States.

## COUNT VI
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT

84.     Plaintiffs incorporate herein by reference the allegations in Paragraphs 1 through 83 above, as if fully set forth herein.

85.     The Compensation Requirement violates the Plaintiffs' rights to equal protection and deprives them of their rights to due process under the Constitution of the United States.

## COUNT VII
## VIOLATION OF THE RELIGIOUS FREEDOM RESTORATION ACT

86.     Plaintiffs incorporate herein by reference the allegations in Paragraphs 1 through 85 above, as if fully set forth herein.

87.     The Defendants have less restrictive means of insuring that a religious worker immigrant subject to a Vow of Poverty will have the means of financial support other than proving compensation.

88.     The Compensation Requirement violates the Religious Freedom Restoration Act, 42 USC Sec. 2000bb et seq. because it substantially burdens religious exercise without compelling justification and without employing the least restrictive means.

## PRAYER FOR RELIEF

89.     **WHEREFORE**, The Salesian Society and Brother Eduardo Alberto Chincha Leon respectfully request that the Court enter judgment against Defendants as follows:

(a)     Approving the Salesian Society's Petition on Behalf of Brother Eduardo Alberto Chincha Leon;

(b)     Issuing a temporary injunction enjoining Kirstjen Nielsen as Secretary of the U.S. Department of Homeland Security and USCIS from (i) taking any further negative action with respect to the beneficiary, Brother Eduardo pending further order of this Court and from (ii) enforcing the Compensation Requirement pursuant to 8 C.F.R § 201.5(m)(2) with respect to religious workers who have taken the vow of poverty and temporarily enjoined from denying any 1-360 petitions filed on behalf of any Salesian Society member on the grounds that evidence of financial compensation was not provided;

(c)     Issuing a permanent injunction enjoining Kirstjen Nielsen as Secretary of the U.S. Department of Homeland Security and USCIS from denying any I-360 petitions or other religious work petitions or applications filed on behalf of any Salesian Society member on the grounds that evidence of financial compensation was not provided.

(d)     Entering Declaratory Judgment declaring that as applied to religious vocations 8 C.F.R. § 204.5 (m) (11) and 8 C.F.R. § 204.5 (m) are *ultra vires*.

(e)     Render a Declaratory Judgment declaring that as applied to religious vocations 8 C.F.R. § 204.5 (m) (11) and 8 C.F.R. § 204.5 (m) are unconstitutional.

(f)     Holding the Salesian Society a "prevailing party" and providing for the award of costs and attorney fees pursuant to the Equal Access to Justice Act, as amended, 28 U.S.C. § 2412.

(g)     Granting such other and further relief and damages as this Court deems just and proper.

*Respectfully submitted,*

SALESIAN SOCIETY, PROVINCE OF ST. PHILIP THE APOSTLE, INC.,
and BROTHER EDUARDO ALBERTO CHINCHA LEON

By their attorney,

/s/ Lawrence P. Lataif

Lawrence P. Lataif, Esq.
Lataif, LLC
D.C. Bar No. 60814
858 Washington Street, Suite 301
Dedham, Massachusetts 02026
954-931-3313
llataif@lataif.com

DATED:     February 5, 2018

## VERIFICATION
Pursuant to LCvR 5.1(f)

I verify under penalty of perjury that the foregoing Sections 13-89 are true and correct. Executed on February 5, 2018.

REVEREND TIMOTHY ZAK, SDB